P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: george@sterlingkerrlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE, INC., a New York corporation; CHRISTOPHER TERRY, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT HALTERMAN, an individual; CHAKRA CAPITAL GROUP, an unknown entity; SCOTT CARNEY, an individual ETHAN VANDERBUILT, an individual; DAVE MACKINSON, an individual;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1) DEFAMATION PER SE<br>2) TRADE LIBEL<br>3) TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS<br>4) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>5) CIVIL CONSPIRACY |

COMES NOW, Plaintiffs by and through their attorneys, the Law Offices of P. Sterling Kerr, and complains and alleges against Defendants ROBERT HALTERMAN (hereinafter "Halterman"), Defendant CHAKRA CAPITAL GROUP (hereinafter "Chakra Capital"), SCOTT CARNEY (hereinafter "Carney"), ETHAN VANDERBUILT (hereinafter

- 1 -

"Vanderbuilt"), and DAVE MACKINSON (hereinafter "Mackinson") (collectively "Defendants") as follows:

## THE PARTIES

1. Plaintiff INTERNATIONAL MARKETS LIVE dba iMARKETSLIVE (hereinafter "IML") is, and at all times relevant herein was, a New York corporation.

2. Plaintiff TERRY is an individual and is, and at all times relevant, a Nevada resident.

3. Upon information and belief, Defendant HALTERMAN is an individual and a South Carolina resident.

4. Upon information and belief, Defendant CHAKRA CAPITAL is a fictitious firm name for HALTERMAN.

5. Upon information and belief, Defendant CARNEY is an individual and a Florida resident.

6. Upon information and belief, Defendant VANDERBUILT is an individual and a California resident.

7. Upon information and belief, Defendant MACKINSON is an individual and a Florida resident.

## JURISDICTION AND VENUE

8. This Court has diversity subject matter jurisdiction of this action. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because no Plaintiffs and Defendants are not residents of the same state, and because the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

9. Venue is proper as TERRY is a resident of the state of Nevada.

# GENERAL ALLEGATIONS

10. Upon information and belief, HALTERMAN controls CHAKRA CAPITAL which advises and performs trades for individuals on the foreign currency ("Forex") markets.

11. HALTERMAN publishes derogatory remarks regarding competing Forex traders including Plaintiffs on the CHAKRA CAPITAL WEBSITE, www.chakracapitalgroup.com.

12. The CHAKRA CAPITAL website states that HALTERMAN is a vigilante "superhero" regulator of Forex trading,

> …To this day, nobody knows who is this "Batman of Forex" persona behind the mask. He played the primary role exploiting and the take-down of a notorious scam artist, Reza Mokhtarian, of "Mentortips" and "Kaizen Global", now dismantled and completely destroyed. The Villain, is once again, hunkered down into the underworld, brewing another scheme, he asserts. It doesn't stop there. The "Batman of Forex" is always looking out for your interest and just because you don't see a crime happening, rest assured, "Batman of Forex" has already man-handled the villains. Batman keeps the city safe as do forex, so that not only you can sleep in your bed peacefully at night, but also you can trade any financial instrument in peace.

13. HALTERMAN writes derogatory remarks about competing Forex traders including Plaintiffs on his Facebook page located at www.facebook.com/ChakraCapitalGroup-Official?ref=br_rs.

14. On December 2, 2017, HALTERMAN posted that IML is, "A company run by crackheads, pedophiles, welfare mothers and street thugs."

15. On December 5, 2018, HALTERMAN posted "iMarketsLive (IML) continues to scam people out of their money, and Austin is still smoking that glass pipe. No wonder he is (or was) homeless and has 'a sob story about his child'...typical junkie.  If you're looking to learn how to trade, I PROMISE YOU, you will lose your money if you join IML. THEY ARE NOT TRADERS! They are a pyramid scheme solely focused on recruiting and ranking up. They use forex to ENTICE people to get other people to join."

16. On January 21, 2018, HALTERMAN posted:

> Tide Pods must be running rampant in International Markets Live (IML). Trade results are from Fusion trader "Xplosive". I included the open trades to verify. The EU and GU trades are from Fxsignals auto trader. Here, someone shares the inside scoop of his experience with IML:
>
> "The executive VP Alex Morton, the company where he made his millions was called Veema. It was shut down for being a Ponzi pyramid. Julian Kuschner, chairman 25, his last company Wake Up Now was shut down for being a Ponzi. Then he went to Wealth Generators where he made more money, then left because the products lost everyone a fuck load of money. As for the products for IML, their Swipetrades app is full of shit. They'll post the results saying a trade they called out hit Take Profit, but it actually hit the Stop Loss, THEN went the way they anticipated so they call it a "winner". Also, their harmonic scanner is trash. What they'll do is call out a trade, giving entry point, stop loss, and take profit. All the losing trades they will remove from the web page, but keep the winners up so it looks good. And, a lot of people I have screenshots of, post demo results to get signups. False advertisement because they don't inform people it's demo. I was guilty of it a few times, but it was only for like 80$ lol. I know people posting pics of thousands of dollars on social media, but I know it's demo because I know them personally."
> …
> …
> Join IML today, so you too, can eat Tide Pods!!😀😀😀
> Unless you're gullible enough to believe in "get rich quick" schemes, you know International Markets Live (IML) is a scam when you see stuff like this.
>   #JulioMartinez
>   #ChristopherTerry
>   #JasonBrown

17. On January 26, 2018, HALTERMAN posted, "International Markets Live (IML) has been investigated for securities fraud and possible money laundering and tax avoidance."

18. On January 26, 2018, HALTERMAN posted, "IML has been bitch slapped twice by the AMF; second time is the screenshot. Then Columbia, and now Mexico. What happens when the big dogs like the SEC investigate and freeze assets? What happens when IBO leaders get slapped with class action lawsuit and possible criminal charges? But don't listen to me. Wait until it's too late like any idiot would. As for customers, I keep telling you..you're going to get burned joining this fraudulent scheme. They are 100% recruiting ponzi using

"education" as an excuse to get those residuals. They don't care about whether or not they are blowing your account. Would you trust an unlicensed psychiastrist to prescribed medication for you? How about an unlicensed electrician rewire your home?"

19. Upon information and belief, CARNEY controls a company called Harmonic Trader which makes trades for individuals on the foreign currency ("Forex") markets.

20. CARNEY has sent threating emails to Plaintiffs stating that if at least $50,000.00 is not paid to CARNEY, he will "go on the offensive" implying that he will make allegations of IML wrongdoing to federal authorities.

21. Shortly after these threats were made, CARNEY posted derogatory statements against Plaintiffs in the comments section of HALTERMAN's Facebook page.

22. CARNEY filed a false Complaint with the Commodities Futures Trading Commission on or about the beginning of January 2018.

23. On or about January 19, 2018, CARNEY posts, "IML Federal Investigation in FULL SWING! That's all I cansay."

24. HALTERMAN publishes derogatory and false remarks about Plaintiffs on his website www.ethanvanderbuilt.com.

25. HALTERMAN states on his website that IML is a "scam" and accuses IML of not adhering to federal rules and regulations.

26. MACKINSON publishes to IML contractors that Plaintiffs are not adhering to federal rules and regulations, and/or committing criminal acts.

27. There are other harmful statements against Plaintiffs published on websites controlled by the Defendants.

## FIRST CLAIM FOR RELIEF
**(Defamation Per Se against Defendants)**

28. Plaintiff incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

29. The statements, as cited in the general allegations, tend to harm the reputation of the Plaintiffs in the estimation of the community and deter third persons from associating or dealing with Plaintiffs.

30. The statements, as cited in the general allegations, are false.

31. The statements, as cited in the general allegations, were intentionally published on the internet.

32. The statements, as cited in the general allegations constitute the imputation that Plaintiffs have committed a crime; and/or Plaintiffs lack of fitness for trade, business, or profession.

33. As a direct and proximate result of Defendants' defamatory acts, Plaintiff has been harmed in amount in excess of one million dollars ($1,000,000.00).

34. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

## SECOND CLAIM FOR RELIEF
**(Trade Libel against Defendants)**

35. Plaintiff incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

36. The statements, as cited in the general allegations, about the Plaintiffs were published on the internet.

37. The statements, as cited in the general allegations, disparage the quality of IML's trading services.

38. The statements, as cited in the general allegations, are false.

39. The statements, as cited in the general allegations, were intentionally published on the internet.

40. As a direct and proximate result of Defendants' trade libel, Plaintiff has been harmed in amount in excess of one million dollars ($1,000,000.00).

41. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

### THIRD CLAIM FOR RELIEF
### (Tortious Interference with Contractual Relations against Defendants)

42. Plaintiff incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

43. Plaintiff IML had contractual relationships with customers and individual representatives who desired participate in receiving educational products for Forex markets.

44. Defendants knew of these relationships.

45. Defendants spread false information and affirmatively filed false complaints with regulators with the intent of disrupting Plaintiff's relationships with its customers.

46. Defendants' conduct was not legally justified.

47. As a direct and proximate result of Defendants' interference with IML's contractual relationships, Plaintiff has been harmed in amount in excess of one million dollars ($1,000,000.00).

48. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

## **FOURTH CLAIM FOR RELIEF**
**(Tortious Interference with Prospective Economic Advantage against Defendants)**

49. Plaintiff incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

50. Plaintiff IML had prospective contractual relationships with customers and individual representatives who desired participate in receiving educational products for Forex markets.

51. Defendants knew of these prospective relationships.

52. Defendants spread false information and affirmatively filed false complaints with regulators with the intent to preventing and inhibiting Plaintiffs relationships with the prospective customers.

53. Defendants' conduct was not legally justified.

54. As a direct and proximate result of Defendants' interference with the prospective customer relationships, Plaintiff has been harmed in amount in excess of one million dollars ($1,000,000.00).

55. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

///

## FIFTH CLAIM FOR RELIEF
**(Civil Conspiracy against Defendants)**

56. Plaintiff incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

57. Defendants have taken concerted action in defaming Plaintiffs and committing tortious interference with contractual relations and tortious interference with contractual relations.

58. As a direct and proximate result of Defendants' civil conspiracy, Plaintiffs have been harmed in amount in excess of one million dollars ($1,000,000.00).

59. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

///

///

///

///

## WHEREFORE, PLAINTIFF PRAYS FOR
## THE FOLLOWING RELIEF AGAINST DEFENDANTS:

1. For Damages in an amount greater than $1,000,000.00 as a result of Defendants' defamatory and tortious actions;

2. For injunctive relief to enjoin the Defendants from committing the defamatory and tortious actions;

3. For an award of pre-judgment interest, as well as reasonable attorneys' fees as both normal and special damages, and other costs; and

4. For such other and further relief that this Court deems just and proper.

Dated this 1st day of February, 2018

        LAW OFFICES OF P. STERLING KERR

        /s/ George E. Robinson

P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: george@sterlingkerrlaw.com
*Attorneys for Plaintiff*