DANIEL R. MCNUTT (SBN 7815)
MATTHEW C. WOLF (SBN 10801)
MCNUTT LAW FIRM, P.C.
625 South Eighth Street
Las Vegas, Nevada 89101
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com

Adam Wolek (*pro hac vice pending*)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: 312.836.4063
Fax: 312.966.8598

*Attorneys for Defendant Scott Carney*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE, INC., a New York corporation; CHRISTOPHER TERRY, an individual;<br><br>  Plaintiffs<br><br>vs.<br><br>ROBERT HALTERMAN, an individual; SCOTT CARNEY, an individual; ETHAN VANDERBUILT, an individual;<br><br>Defendants. | Case No.: 2:18-cv-00187-JAD-GWF<br><br>**DEFENDANT SCOTT CARNEY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND TO DISMISS FOR FAILURE TO STATE A CLAIM, OR ALTERNATIVELY TO TRANSFER** |

Defendant Scott Carney ("Defendant Carney") by counsel, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectfully moves this Court to dismiss all claims against him due to lack of personal jurisdiction and improper venue, or alternatively, move to transfer this action to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1404 because the Southern District of Florida is the most convenient and appropriate forum for the adjudication of this dispute.  Defendant Carney further moves under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs failed to properly state a claim upon relief can be granted.

**BACKGROUND**

Plaintiffs admit that Defendant Carney is a Florida resident (Compl., ECF No. 2, ¶ 5), and he lives exclusively in Miami, Florida. *See* Decl. of Scott Carney, Ex. A ¶ 1. Defendant Carney does not do business in Nevada. *Id.* ¶ 2. Defendant Carney has never had any connection to Las Vegas or Nevada outside of his legal counsel. *Id.* ¶ 8. He does not own property in Nevada, does not have an office or an agent in Nevada, nor directs any business or advertising to Nevada. *Id.* ¶¶ 3-5, 7. Defendant Carney does not have employees in any capacity who have ever traveled to Nevada for him. *Id.* ¶¶ 2, 5, 7-8.

Despite Defendant Carney living in Florida, Plaintiffs filed this lawsuit against Defendant Carney in the District of Nevada on February 18, 2018, alleging claims of Defamation Per Se, Trade Libel, Tortious Interference with Contractual Relations, Tortious Interference with Prospective Economic Advantage, Trade Libel, and Civil Conspiracy. ECF No. 2. Defendant Carney was served in his Miami, Florida residence on March 20, 2018.

**I.    Personal Jurisdiction**

There is no basis for personal jurisdiction over Defendant Carney in Nevada. Defendant Carney does not live in Nevada, does not conduct business in Nevada, and did not perform any of the alleged acts in Nevada, or direct his conduct to or target the state. Ex. A ¶¶ 1-5, 7-8. Under Nevada's long-arm statute, Nev. Rev. Stat. § 14.065, personal jurisdiction is unable to be exerted over Defendant Carney under these circumstances.

As an initial matter, "the plaintiff[s] must satisfy the requirements of Nevada's long-arm statute and show that jurisdiction [over Defendant Carney] does not offend principles of due process." *Fulbright & Jaworski v. Eighth Jud. Dist. Ct.*, 342 P.3d 997, 1001 (Nev. 2015); *see also Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1115 (D. Nev. 2013) ("[P]laintiff[s] ha[ve] the burden of establishing that a court has personal jurisdiction over a defendant."). Plaintiffs have not met its burden.

In order to have jurisdiction over this suit, the Court must have general or specific personal jurisdiction over Defendant Carney. Neither are met because Defendant Carney has had no contacts with Nevada.

### A. There is No General Personal Jurisdiction over Defendant Carney Because He Does Not Have "Continuous and Systematic" Contacts with Nevada

Plaintiff failed to allege or show that Defendant Carney has "continuous and systematic" contacts with Nevada. Indeed, Defendant Carney has no contacts to Nevada. But even if he did, Defendant Carney does not *maintain* any contacts with Nevada, let alone "continuous and systematic" contacts required for general jurisdiction. *See* Ex. A ¶¶ 2-8. *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (U.S. 2011) (Unless it can be proven that a defendant has contacts that are so "continuous and systematic" within a state, courts cannot assert general jurisdiction over that defendant in the forum state.); *and see Bancroft & Masters, Inc. v. Augusta Nat. Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000) (The standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that approximate physical presence.) (internal quotations and citations omitted). For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For general jurisdiction to exist, a defendant must engage in 'continuous and systematic general business contacts,'" *Pfister*, 931 F. Supp. 2d at 1115 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)), "that 'approximate physical presence' in the forum." *Id.* (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011)).

It is undisputed that Defendant Carney is not domiciled in Nevada; he is a resident of, and domiciled in, Nevada. ECF No. 2 at ¶ 5; *see also* Ex. A ¶ 1. Moreover, Defendant Carney does not have "continuous and systematic" contacts with Nevada. He has no bank accounts or real property in Nevada and does not conduct business in or target or direct any of his activities towards the state. Ex. A ¶¶ 2-8. Thus, there is no basis for the exertion of general jurisdiction over Defendant Carney.

Defendant Carney did not have direct contact with Chris Terry or with any entity Defendant Carney knew was located in Nevada, and even assuming, *arguendo*, he did contact both Chris Terry and entities located in Nevada, those contacts would have merely been fortuitous contact with the state, which is insufficient to support a finding of general jurisdiction against Defendant Carney. *See, e.g.*, *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1226-27 (9th Cir. 2011) (defendant's

"operation of an interactive website—even a 'highly interactive' website—does not confer general jurisdiction" and "do[es] not signal a non-resident defendant's intent to 'sit down and make itself at home' in the forum"); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (defendant's contacts were "plainly insufficient" for general jurisdiction when defendant had contract "between $225 and $450 million" with a California corporation, had eleven contracts with California component suppliers, had representatives attend industry conferences, promote products, and met with suppliers in California, and advertised in California publications).  Indeed, Defendant Carney does not have any offices or addresses in Nevada.  *See* Ex. A ¶¶ 1, 3-4.  No agents, employees, or sales people.  *Id.* ¶¶ 6, 8.  Nor does he advertise or seek business in Nevada.  *Id.* ¶¶ 2, 7.  In short, Defendant Carney has no contacts to Nevada other than this suit.  Therefore, Plaintiffs have not shown that Defendant Carney is subject to general jurisdiction in this forum.

**B.  Defendant Carney Does Not Have Any Contacts with Nevada, and Therefore, This Court Does Not Have Specific Personal Jurisdiction over Carney**

The Ninth Circuit has established a three-prong test for analyzing specific jurisdiction:

> (1) The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Mavrix*, 647 F.3d at 1227-28 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  The party supporting the exercise of personal jurisdiction bears the burden of establishing the first two prongs, and, if satisfied, the burden shifts to the party resisting "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable."  *Id.* at 1228 (citations omitted).

As previously stated, Defendant Carney is domiciled in Florida and does not conduct business in Nevada. Ex. A ¶¶ 1-2, 7. Defendant Carney's activities do not relate to Nevada. *Id.* ¶¶ 7-8. Plaintiffs further fail to allege that Defendant Carney had any role in contract negotiations or in any activities that were directed to Nevada. *See* ECF No. 2.

None of the three-steps in the due process analysis confers specific personal jurisdiction over Defendant Carney. In tort cases, courts typically analyze the first prong of the specific jurisdiction test by "inquir[ing] whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Mavrix*, 647 F.3d at 1228 (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)). The "effects" test "requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)). "'[S]omething more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction, and that 'something more' means conduct expressly aimed at the forum." *Brayton*, 606 F.3d at 1129 (citations omitted).

Defendant Carney has absolutely no connections with the State of Nevada. Ex. A ¶¶ 1-8. Defendant Carney has not taken any actions intended or directed at any Nevada individuals or entities, so it would be impossible for him to know whether any harm would ever be suffered in Nevada. *Id.* ¶¶ 1-8, 10. Where no facts indicate that a defendant expressly aimed its conduct at the forum state, it is not necessary for a court to consider the final element of the "effects" test. *See Schwarzenegger*, 374 F.3d at 807 (Because [the plaintiff] has failed to sustain his burden with respect to the second part of the…effects test, we need not, and do not, reach the third part of the test."). Beyond an allegation that Plaintiffs were harmed in Nevada, Plaintiffs' Complaint is devoid of any allegations that some jurisdictionally significant contact actually exists between Defendant Carney and Nevada. *See* ECF No. 2.

The second prong analyzes "whether the 'plaintiff's claim...arises out of or relates to the *defendant's* forum-related activities'; the plaintiff 'must show that [it] would not have suffered an injury "but for" [the defendant's] forum-related conduct.'" *Evanston Ins. v. W. Cmty. Ins.*, 13 F. Supp. 3d 1064, 1069 (D. Nev. 2014) (quoting *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007)) (emphasis added). Because Defendant Carney has no contacts with Nevada, the inquiry ends here.

If Plaintiffs satisfy *both* the first two prongs, the third prong analyzes whether the exercise of jurisdiction "comport[] with fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."). Plaintiff has not alleged any contacts by Defendant Carney with Nevada apart from a conclusory statement that Plaintiff felt alleged harm in Nevada, and have failed to plead any harm *directed to* Nevada. *See* ECF No. 2 ¶ 6; *see also Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010) ("Where a defendant's 'express aim was local,' the fact that it caused harm to the plaintiff in the forum state, even if the defendant knew that the plaintiff lived in the forum state, is insufficient" to satisfy the "effects" test and establish personal jurisdiction.); *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F. Supp. 3d 1236, 1245 (D. Nev. 2014) ("[T]he fact that [a] website is viewable in Nevada (as elsewhere), or the fact that [a defendant] might have reason to suspect that its products…might end up in Nevada, is not enough to assert specific jurisdiction over [the defendant] in Nevada without evidence of Nevada-specific targeting."). Plaintiff has not alleged, nor can it show, any tortious conduct by Defendant Carney that was directed at Nevada. Nor can Plaintiff show that Defendant Carney "purposefully established minimum contacts." *Consipio Holding, BV v. Carlberg*, 282 P.3d 751, 754-55 (Nev. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

Accordingly, any exercise of personal jurisdiction over Defendant Carney here would fail to comport with traditional notions of "fair play and substantial justice." *Id.* (quoting *Burger King*, 471 U.S. at 476). Because this Court lacks personal jurisdiction over Defendant Carney, the Complaint should be dismissed.

## II. District of Nevada Is an Improper Venue So The Complaint Should Be Dismissed

A complaint should be dismissed pursuant to Rule 12(b)(3) if it was not filed in a district where venue is proper. Fed. R. Civ. P. 12(b)(3). Venue is only proper in a judicial district: (1) "where any defendant resides, if all defendants reside in the same state," (2) where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) where "any defendant is subject to the court's personal jurisdiction[,]" "if there is no district in which an action may otherwise be brought[.]" 28 U.S.C. § 1391(b). The plaintiff bears the burden of proving that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979) ("Plaintiff had the burden of showing that venue was proper[]….").

District of Nevada is an improper venue because the Section 1391 factors are not met— Defendant Carney has no connection to Nevada, nor has Plaintiff alleged any. *First*, Defendant Carney does not reside in Nevada. *See* 28 U.S.C. §1391(b)(1); *and see* Ex. A ¶ 1. *Second*, no "substantial part of the events or omissions giving rise to the claim occurred" in this District. 28 U.S.C. § 1391(b)(2). The causes of action all stem from alleged posts on Facebook or to the Commodities Futures Trading Commission, none of which occurred in Nevada. ECF No. 2 ¶ 21-23. Nor has Plaintiff alleged that Defendant Carney conducts any business activities in Nevada, or maintains any property in Nevada. ECF No. 2. Indeed, each of the Complaint's substantive allegations of wrongdoing took place outside Nevada. *Id.* ¶¶ 21-23.

*Finally*, and as discussed more fully above, venue under § 1391(b)(3) is also improper because the Court does not have personal jurisdiction over Defendant Carney.

For these reasons, and the reasons stated in the motion to dismiss for lack of personal jurisdiction, venue is improper in this District and the action should be dismissed under 12(b)(3).

## III. In the Alternative, This Case Should Be Transferred to the Southern District of Florida for Convenience

For each of the reasons stated above, the case should be dismissed. But if this Court disagrees and finds both personal jurisdiction and venue to be proper, Defendant Carney then requests that this case be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Section 1404(a)

provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought..." 28 U.S.C. 1404(a). Convenience and fairness are determined based on various private and public interest factors. *See, e.g.*, *Operation: £Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1111-12 (D. Nev. 2012). Here, factors favor transfer.

### A. Five of the Eight Private and Public Interest Factors, Including the Most Important Factor, Weigh Strongly in Favor of Transfer, Particularly Due to His Condition

The private and public interest factors are:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*See* Rockwell, 23 F. Supp. 3d at 1247 (D. Nev. 2014) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). Each of these factors except plaintiffs' choice of forum favors transfer.

The most important factor, the convenience of the parties and its related sub-factor, the convenience of the witnesses, strongly favors Florida due to Defendant Carney's disability and being wheelchair bound, which make transit to Nevada burdensome and inconvenient. The convenience of witnesses is frequently the most important factor in deciding whether a transfer of venue is appropriate. *See A.J. Indus. v. U.S. Dist. Court*, 503 F.2d 384, 386–87 (9th Cir. 1974) (noting the importance of the convenience of witnesses in evaluating a motion to transfer venue); *Denver & Rio Grande W. Ry. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses"); *see also Lewis v. Grote Indus., Inc.*, No. 11-cv-7069, 2012 WL 234356, at *3 (N.D. Ill., Jan. 24, 2012) ("convenience of the witnesses is often viewed as the most important factor in the transfer balance."); *Brickett v. Ntl. R.R. Passenger Corp.*, No. 11-cv-2193, 2011 WL 3359934, at *4 (N.D. Ill., Aug. 3, 2011) (same); *FTC v. Am. Tax Relief LLC*, No. 10-cv-6123, 2011 WL 2893059, at *

6 (N.D. Ill., July 20, 2011) (same).

Scott Carney is disabled and wheelchair bound, and Florida is the most convenient forum for Carney as a witness, as he resides in Florida. Carney's residence is located over 1,500 miles away from the District of Nevada Eastern Division Courthouse, while it is only a few miles away from the Southern District of Florida Miami Division Courthouse. Transfer is proper and equitable here because requiring him to travel from Florida to Nevada would subject them to great and unnecessary hardship in addition to being inconvenient for both the parties and the witnesses, particularly given his condition. *See Hinc v. Lime-O-Sol Co.*, 231 F. Supp. 2d 795, 796 (N.D. Ill. 2002) ("It is preferable to hold a trial in the forum that will necessitate less travel for witnesses.").

Another factor, the cost of attendance of the witnesses, weighs in favor of transfer. As explained above, if this matter continued in Nevada, the main defense witness, Carney, will have to travel from Florida to Nevada for the proceedings. This travel would come at a great financial expense to him, particularly because he did not choose to litigate or direct his activities to Nevada. *See Orthoflex, Inc. v. Thermotek, Inc.*, No. 10–cv–1875, 2010 WL 5069700, at *4 (N.D. Ill., Dec 3, 2010) ("Securing the attendance of the multiple [defendant's Texas-based] employees each having specific knowledge concerning the design, manufacture, or repair of the [allegedly infringing system] comes at great cost to [defendant] should the proceedings remain in [in the state].").

A third factor favoring transfer is the availability of compulsory process for the attendance of unwilling witnesses, which further weighs in favor of transfer when considering this Court's limited ability to subpoena witnesses that may be unwilling to appear. Any event giving rise to this dispute – although no specific event has been alleged in the complaint – would have occurred in Florida or to the Commodities Futures Trading Commission in Washington, D.C. Consequently, the key witnesses will likely be located in Florida, or in Washington, D.C, which is closer to Florida than Nevada. Additionally, if Carney will not be able to appear due to his condition, Nevada would severely prejudice Carney as there is no good substitute for live testimony. *See, e.g., Fluid Control Prods. Inc. v. Aeromotive, Inc.*, 2011 WL 620115, at * 4 (E.D. Mo., Feb. 11, 2011) (live testimony is preferred for

important witnesses over videotaped depositions); *Samsung Elec. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) ("[w]hen reasonably possible, live testimony is preferred to other means of presenting evidence"); *Laitram Corp. v. Hewlett- Packard Co.*, 120 F. Supp. 2d 607, 610 (E.D. La. 2000) ("Deposition testimony, which would be the only vehicle for [defendant] to present the testimony of these witnesses if the action were not transferred to Oregon, is a sterile, inadequate substitute for live testimony on key issues.").

Two more factors that favor transfer are the availability of evidence and the situs of material events. Despite Plaintiffs' conclusory allegation that Carney has committed one or more of the acts complained of within this judicial district, because Carney's domicile is in Florida, any alleged events at issue related to this matter would be connected to Florida as that is where Carney had allegedly acted from. Thus, it is more convenient for discovery and for the other uncertainties of litigation to transfer this case to the Southern District of Florida. *Belmonte v. Examination Mgmt. Servs., Inc.*, No. 05-cv-3206, 2007 WL 551578, at *3 (N.D. Ill., Feb. 16, 2007) ("[T]he convenience of the parties is strongly in favor of the Northern District of Texas where all, or virtually all, of the proof of this claim can be found."); *Roots P'ship. v. Lands' End, Inc*., No. 90-cv-1310, 1990 WL 186776, at *4 (N.D. Ill. 1990) ("Because all of the relevant documents are apparently located in Wisconsin, it is clear that transferring this action to Wisconsin will be convenient to both parties insofar as discovery is concerned"). Furthermore, because Plaintiff International Markets Live, Inc. is a New York corporation headquartered in New York City, any alleged evidence would be located there, and any alleged "harm" would have been felt there, and not in Nevada. ECF No. 2, at ¶ 1. Because nearly all the physical evidence and key witness resides in Florida, and because the alleged events occurred in Florida, the facts of this case heavily favor transfer to the Southern District of Florida.

**B. Plaintiff's Choice of Forum Should Be Disregarded**

The only factor that favors Plaintiff is its choice of forum. However, it is well established that plaintiff's choice of forum can be disregarded where, as here, it is the only factor in favor of plaintiff. *See Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (Plaintiff's choice

of forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff."); *see also Lewis*, 2012 WL 234356, at *2 ("The force of the plaintiff's choice is also diminished 'if the chosen forum has relatively weak connections with the operative facts giving rise to the claim.'") (citing *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D.Ill. 1995)); *Barnes v. Rollins Dedicated Carriage Serv., Inc.*, 976 F. Supp. 767, 768-69 (N.D. Ill. 1997) (granting transfer from plaintiff's choice of forum "[p]rimarily, because [another District] is the situs of the events giving rise to this action.").

Here, all acts alleged by Plaintiffs against Defendant Carney would have ostensibly occurred in Florida. Furthermore, because Plaintiff International Markets Live, Inc. is a New York corporation headquartered in New York City, any alleged evidence would be located there, and any alleged "harm" would have been felt and related to New York City, and not in Nevada. ECF No. 2, at ¶ 1. This dispute, therefore, lacks any significant connection to this forum. *See Walter E. Heller & Co. v. James Gobe Co.*, 601 F. Supp. 319, 321 (N.D. Ill. 1984) ("[W]here the chosen forum lacks any significant connection with the underlying claim, it is of reduced importance and becomes just one of the many factors which the court may consider."). For these reasons, Plaintiffs' forum selection should be ignored and Defendant Carney's motion to transfer granted if this matter is not dismissed.

Given these reasons, Defendant Carney respectfully requests the Court grant his alternative motion to transfer if Carney's motion to dismiss is not granted because the Southern District of Florida is better situated to decide this case.

### IV. Plaintiffs' Allegations Fail to Meet Basic Pleadings Standards

Plaintiffs' allegations do not meet basic pleading standards required under the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (a sufficiently pled cause of action "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Plaintiffs alleged Defamation Per Se, Trade Libel, Tortious Interference with Contractual

Relations, Tortious Interference with Prospective Economic Advantage, Trade Libel, and Civil Conspiracy against three defendants, but did not differentiate who committed which act, nor did it assert facts to support each element of each cause of action it asserts against Defendant Carney.

Plaintiffs' allegations against Defendant Carney are (in total):

> 19. Upon information and belief, CARNEY controls a company called Harmonic Trader which makes trades for individuals on the foreign currency ("Forex") markets.
>
> 20. CARNEY has sent threating emails to Plaintiffs stating that if at least $50,000.00 is not paid to CARNEY, he will "go on the offensive" implying that he will make allegations of IML wrongdoing to federal authorities.
>
> 21. Shortly after these threats were made, CARNEY posted derogatory statements against Plaintiffs in the comments section of HALTERMAN's Facebook page.
>
> 22. CARNEY filed a false Complaint with the Commodities Futures Trading Commission on or about the beginning of January 2018.
>
> 23. On or about January 19, 2018, CARNEY posts, "IML Federal Investigation in FULL SWING! That's all I cansay." [*sic*]

ECF No. 2, at ¶¶ 19-23.

Plaintiff's allegations fail to state or provide sufficient notice of which statements by Defendant Carney met which of their asserted claims or their elements, are not actionable, and further fail to identify which statements allegedly were "false."

### A. Plaintiffs Failed to Properly Allege Their Defamation Claim, and it Nevertheless Is Not Actionable

Under Nevada law, the elements of defamation are, "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1148 (9th Cir. 2012) (citing *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005)). "It is by now well settled that there exists a constitutional privilege for expressions of opinion." *Matter of Yagman*, 796 F.2d 1165, 1172 (9th Cir. 1986).

Plaintiffs failed to attach the alleged false statements, or state which statement is both "false" and "defamatory." They further failed to allege that it was made to an "unprivileged publication." Indeed, the Complaint failed to state or attach any examples of such statements, such as a claimed Facebook post by Carney, fails to provide which post it was, or even when it allegedly occurred. Furthermore, Plaintiffs stated Carney's statements were "derogatory" (ECF No. 2 at ¶ 21), and they were "implying" something (*id.* at ¶ 20), but that is neither a false or defamatory statement.

Moreover, in addition to failing to give notice of what statements to the Commodities Futures Trading Commission were allegedly false and defamatory, filings with the CFTC are confidential, so they could not have been a "publication," nor qualify as defamation.

Accordingly, Plaintiffs failed to provide proper notice of their defamation claim.

### B. Plaintiffs Failed to Properly Allege Their Trade Libel Claim

Trade libel requires, "that the defendant published a knowingly false statement harmful to the interest of another and intended such publication to harm the plaintiff's pecuniary interests." *Auvil v. CBS 60 Minutes*, 67 F.3d 816, 820 (9th Cir. 1995).

Plaintiffs failed to allege what the "false statement" was, or that he "knew" it was false, so this claim should accordingly be dismissed.

### C. Plaintiffs Failed to Properly Allege Tortious Interference with Contractual Relations

Under Nevada law, tortious interference with contractual relations requires, "(1) a valid contract, (2) knowledge by the defendants of the contract, and (3) intent to induce its breach." *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 579 (D. Nev. 1984) (citing *JBL Enterprises, Inc. v. Jhirmack Enterprises, Inc.*, 689 F.2d 1011, 1019 (9th Cir. 1983)).

Plaintiffs failed to allege or attach what "valid contract" Plaintiffs allegedly had, that Carney knew about it, or that he intended to induce a breach of it. *See Woods v. Reno Commodities*, 600 F. Supp. at 579.

### D. Plaintiffs Failed to Properly Allege Tortious Interference with Prospective Economic Advantage

Under Nevada law, tortious interference with prospective economic advantage requires, "1) a prospective contractual relationship between the plaintiff and a third party; 2) the defendant's knowledge of this prospective relationship; 3) the intent to harm the plaintiff by preventing the relationship; 4) the absence of privilege or justification by the defendant; and, 5) actual harm to the plaintiff as a result of the defendant's conduct." *Leavitt v. Leisure Sports Inc.*, 103 Nev. 81, 88 (1987) (*cited with approval by Jiangmen Kinwai Furniture Decoration Co. v. Int'l Mkt. Ctrs., Inc.*, 719 Fed. Appx. 556, 556 (9th Cir. 2017)).

Plaintiffs failed to allege or attach what "prospective contractual relationship" Plaintiffs allegedly had, with which "third party," that Carney knew about the "prospective relationship," which actions by him interfered with that alleged relationship, and what his "intent" was. Accordingly, this claim should be dismissed.

### E. Plaintiffs Failed to Properly Allege Civil Conspiracy

Under Nevada law, civil conspiracy requires, "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 n.3 (9th Cir. 1984) (quoting *Collins v. Union Fed. Sav. & Loan Assoc.*, 662 P.2d 610, 622 (Nev. 1983)).

Plaintiffs failed to assert that Carney did a "concerted action" with another. Indeed, Plaintiff only alleged that Carney made a Facebook post on Defendant's Halterman's Facebook page. ECF No. 2, at ¶ 21. Even if true, that is not a "concerted action" with another. Nor is a Facebook post on another's page a "concerted action" tantamount to a "civil conspiracy." Plaintiffs further did not state how that was "intend[ed] to accomplish some unlawful objective," or what "unlawful objective" Carney and the other were allegedly attempting to accomplish.

Because the asserted claims fail to meet basic pleading standards, Plaintiffs' claims should be dismissed.

**CONCLUSION**

Because Defendant Carney's contacts were not, nor alleged to be, "continuous and systematic" with Nevada, nor has he "targeted" or "directed his activities" to Nevada, Defendant Carney respectfully requests this Court to enter an order dismissing the Complaint in its entirety under Rules 12(b)(2) and 12(b)(3). If personal jurisdiction is found proper, Carney alternatively respectfully requests that this Court transfer this action from the District of Nevada to the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and in the interests of justice. Defendant Carney further respectfully requests this Court to dismiss each of Plaintiff's claims against Carney under Rule 12(b)(6) because they fail to state a claim, provide notice of, or allege facts to meet the elements of each cause of action, and because any alleged statements made by him are nevertheless not actionable.

DATED May 10, 2018.

MCNUTT LAW FIRM, P.C.

*/s/ Dan McNutt*
DANIEL R. MCNUTT (SBN 7815)
MATTHEW C. WOLF (SBN 10801)
625 South Eighth Street
Las Vegas, Nevada 89101

Adam Wolek (*pro hac vice pending*)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601

*Attorneys for Defendant Scott Carney*

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that pursuant to F.R.C.P. 5 on May 10, 2018, I caused service of the foregoing **DEFENDANT SCOTT CARNEY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND TO DISMISS FOR FAILURE TO STATE A CLAIM, OR ALTERNATIVELY TO TRANSFER** by mailing a copy by United States Postal Service, postage prepaid, via email, or via electronic mail through the United States District Court's CM/ECF system to the following at their last known address or e-mail:

P. Sterling Kerr, Esq. (SBN 3978)
George E. Robinson, Esq. (SBN 9667)
LAW OFFICES OF P. STERLING KERR
3450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
sterling@sterlingkerrlaw.com
george@sterlingkerrlaw.com
Attorneys for Plaintiffs

*/s/ Lisa Heller*
An Employee of McNutt Law Firm, P.C.