P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: george@sterlingkerrlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE, INC., a New York corporation; CHRISTOPHER TERRY, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT CARNEY, an individual; ETHAN VANDERBUILT, an individual;<br><br>Defendants. | Case No.: 2:18-cv-00187-JAD-GWF<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1) DEFAMATION PER SE<br>2) TRADE LIBEL<br>3) TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS<br>4) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE |

COMES NOW, Plaintiffs by and through their attorneys, the Law Offices of P. Sterling Kerr, and complains and alleges against Defendants SCOTT CARNEY (hereinafter "Carney") and ETHAN VANDERBUILT (hereinafter "Vanderbuilt"), (collectively "Defendants") as follows:

## THE PARTIES

1. Plaintiff INTERNATIONAL MARKETS LIVE dba iMARKETSLIVE (hereinafter "IML") is, and at all times relevant herein was, a New York corporation.

2. Plaintiff TERRY is an individual and is, and at all times relevant, a Nevada resident.

3. Upon information and belief, Defendant CARNEY is an individual and a Florida resident.

4. Upon information and belief, Defendant VANDERBUILT is an individual and a California resident.

## JURISDICTION AND VENUE

5. This Court has diversity subject matter jurisdiction of this action. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because no Plaintiffs and Defendants are not residents of the same state, and because the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

6. Venue is proper as TERRY is a resident of the state of Nevada.

## GENERAL ALLEGATIONS

7. Upon information and belief, CARNEY controls a company called Harmonic Trader which makes trades for individuals on the foreign currency ("Forex") markets.

8. In February of 2016, CARNEY travelled to Las Vegas, Nevada to meet with Plaintiffs regarding Forex trading techniques.

9. While in Las Vegas, Nevada, TERRY and CARNEY record online videos regarding Forex trading from TERRY's Las Vegas residence.

10. Since this time, the relationship between Plaintiffs and CARNEY has degraded to CARNEY publishing tortious statements regarding Plaintiffs on his websites and social media.

11. CARNEY has sent threating emails to Plaintiffs stating that if at least $50,000.00 is not paid to CARNEY, he will "go on the offensive" implying that he will make allegations of IML wrongdoing to federal authorities.

12. Shortly after these threats were made, CARNEY posted derogatory statements against Plaintiffs in the comments section of HALTERMAN's Facebook page.

13. CARNEY filed a false Complaint with the Commodities Futures Trading Commission on or about the beginning of January 2018.

14. On or about January 19, 2018, CARNEY posts, "IML Federal Investigation in FULL SWING! That's all I cansay."

15. On or about March 10, 2018, CARNEY posts, "Harmonic Traitor Update: iMarketsLive has filed a $4million defamation lawsuit against myself and 3 other individuals. They know that I have a $100 mil ip civil suit in the works! But Chris, BIG MISTAKE!

These deceit that you so easily employ to grow your scheme in the name of my work is over! I am filing both a SLAAP and countersuit, just in time for the big iml Vegas Expo. If you an iml affiliate, DELETE ME NOW and the REAL Harmonic TRADERS can stay tuned. #HarmonicTakeover #imarketslive #ChrisTerry #harmonictraitors #GetYoPopcorn"

16. On or about April 4, 2018, CARNEY posts, "Just recd 2nd complaint from imarketslive - serving me papers twice on their $4million defamation lawsuit. At this point, it's harassment. If you are in iml, iml group or affiliated or know someone who is, you need to know that your so-called leaders are suing the very guy (ME) who created the work they are copying. If you have any respect for me, my work and most important, YOURSELF, LEAVE IML NOW! Any iml member or rep that sends me a confirmed cancellation of imarketslive membership will get GOLD MEMBERSHIP and SOFTWARE FREE 30-days. Send to ht@ht.com #HarmonicTakeover #Dryland #HarmonicKarma #CFTCBitch #30daystilimarketslivetakedown"

17. On or about March 16, 2018, CARNEY posts, "What's #HarmonicTakeover? The #iml Titanic! Have fun rising in Vegas as you hit the iceberg while I watch from dry land! 30Days."

18. On or about March 19, 2018, CARNEY posts, "HTAffiliate Program Starts this week! No fees. No reps req. JUST EARN WITH ME! Comment "#imlTitantic" below for info!"

19. On or about May 22, 2018, CARNEY posts, "#CFTC - Playtime is over! #DRYLAND"

20. On or about May 24, 2018, CARNEY posts, "Setting the harmonic pattern record straight next week! Million$ lawsuits, iml smack, programmer crooks&MY TRUTH! It changes now!"

21. On or about April 3, 2018, CARNEY posts, "The OFFICIAL Harmonic Trader Platform for MetaTrader4 (MT4) is coming in 10days!!! #HarmonicTakeover #imlwho? #DryLand."

22. VANDERBUILT publishes derogatory and false remarks about Plaintiffs on his website www.ethanvanderbuilt.com.

23. VANDERBUILT states on his website that IML is a "scam" and accuses IML of not adhering to federal rules and regulations.

24. Upon information and belief, there are other harmful statements against Plaintiffs published on websites controlled by the Defendants.

## FIRST CLAIM FOR RELIEF

### (Defamation Per Se against Defendants)

25. Plaintiffs incorporate by reference and reaffirm each and every allegation previously asserted as if fully set forth herein.

26. The statements, as cited in the general allegations, tend to harm the reputation of the Plaintiffs in the estimation of the community and deter third persons from associating or dealing with Plaintiffs.

27. The statements, as cited in the general allegations, are false.

28. The statements, as cited in the general allegations, were intentionally published on the internet.

29. The statements, as cited in the general allegations constitute the imputation that Plaintiffs have committed a crime; and/or Plaintiffs lack of fitness for trade, business, or profession.

30. As a direct and proximate result of Defendants' defamatory acts, Plaintiff has been harmed in amount in excess of one million dollars ($1,000,000.00).

31. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

## SECOND CLAIM FOR RELIEF

### (Trade Libel against Defendants)

32. Plaintiffs incorporate by reference and reaffirm each and every allegation previously asserted as if fully set forth herein.

33. The statements, as cited in the general allegations, about the Plaintiffs were published on the internet.

34. The statements, as cited in the general allegations, disparage the quality of IML's and trading services and TERRY's trading acumen.

35. The statements, as cited in the general allegations, are false.

36. The statements, as cited in the general allegations, were intentionally published on the internet.

37. As a direct and proximate result of Defendants' trade libel, Plaintiffs have been harmed in amount in excess of one million dollars ($1,000,000.00).

38. It has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiffs are entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

## THIRD CLAIM FOR RELIEF

### (Tortious Interference with Contractual Relations against Defendants)

39. Plaintiff IML incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

40. Plaintiff IML had contractual relationships with customers and individual representatives who desired participate in receiving educational products for Forex markets.

41. Defendants know of these relationships.

42. Defendants spread false information and affirmatively filed false complaints with regulators with the intent of disrupting Plaintiff's relationships with its customers.

43. Defendants' conduct was not legally justified.

44. As a direct and proximate result of Defendants' interference with IML's contractual relationships, Plaintiff has been harmed in amount in excess of one million dollars ($1,000,000.00).

45. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

///

## FOURTH CLAIM FOR RELIEF

### (Tortious Interference with Prospective Economic Advantage against Defendants)

46. Plaintiff IML incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

47. Plaintiff IML had prospective contractual relationships with customers and individual representatives who desired participate in receiving educational products for Forex markets.

48. Defendants know of these prospective relationships.

49. Defendants spread false information and affirmatively filed false complaints with regulators with the intent to preventing and inhibiting Plaintiff's relationships with the prospective customers.

50. Defendants' conduct was not legally justified.

51. As a direct and proximate result of Defendants' interference with the prospective customer relationships, Plaintiff has been harmed in amount in excess of one million dollars ($1,000,000.00).

52. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

///

///

///

///

## WHEREFORE, PLAINTIFF PRAYS FOR
## THE FOLLOWING RELIEF AGAINST DEFENDANTS:

1. For Damages in an amount greater than $1,000,000.00 as a result of Defendants' defamatory and tortious actions;

2. For injunctive relief to enjoin the Defendants from committing the defamatory and tortious actions;

3. For an award of pre-judgment interest, as well as reasonable attorneys' fees as both normal and special damages, and other costs; and

4. For such other and further relief that this Court deems just and proper.

Dated this 24th day of May, 2018

LAW OFFICES OF P. STERLING KERR

/s/ George E. Robinson

P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: george@sterlingkerrlaw.com
*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies on May 24, 2018, a true and correct copy of the **FIRST AMENDED COMPLAINT** was served to the following at their last known address(es), facsimile numbers and/or e-mail/other electronic means, pursuant to:

__X__    **BY E-MAIL AND/OR ELECTRONIC MEANS:** N.R.C.P. 5(b)(2)(D) and addresses (s) having consented to electronic service, I via e-mail or other electronic means to the e-mail address(es) of the addressee(s).

DANIEL R. MCHUTT (SBN 7815)
MATTHEW C. WOLF (SBN 10801)
MCNUTT LAW FIRM, P.C.
625 South Eighth St.
Las Vegas, NV 89101
drm@mcnuttlawfirm.com
mcm@mcnuttlawfirm.com
*Attorneys for Defendant*

Adam Wolek (pro hac vice pending)
Taft Stettinius & Hollister LLP
11 E. Wacker Dr., Suite 2800
Chicago, IL 60601
awolek@taftlaw.com

                            /s/ Jennifer Hogan
                            An employee of the LAW OFFICES OF
                            P. STERLING KERR

Page 1 of 1