ADAM WOLEK
*Admitted Pro Hac Vice*
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: (312) 836-4063 / Fax: (312) 966-8598
awolek@taftlaw.com

DANIEL R. MCNUTT (SBN 7815)
MATTHEW C. WOLF (SBN 10801)
MCNUTT LAW FIRM, P.C.
625 South Eighth Street
Las Vegas, Nevada 89101
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com

*Attorneys for Defendant Scott Carney*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE, INC., a New York corporation; CHRISTOPHER TERRY, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT HALTERMAN, an individual; SCOTT CARNEY, an individual; ETHAN VANDERBUILT, an individual;<br><br>Defendants. | Case No.: 2:18-cv-00187-JAD-GWF<br><br>**DEFENDANT SCOTT CARNEY'S MOTION TO STAY DISCOVERY** |

Defendant Scott Carney ("Carney") hereby moves this Court to stay discovery pending resolution of his motion to dismiss.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendant Scott Carney has filed a motion to dismiss ("Motion") Plaintiffs' Amended Complaint for lack of personal jurisdiction, improper venue and because the Amended Complaint is insufficiently pled and nevertheless not actionable under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(2), 12(b)(3), and 12(b)(6), or alternatively, to transfer this action to the U.S. District Court for the Southern District of Florida in Miami under 28 U.S.C. § 1404.  Now, Carney respectfully requests this Court to stay discovery while the motions to dismiss the entire action are pending.

When a motion to dismiss is pending, the Court may stay discovery when it is appropriately convinced that the motion is meritorious.  *See, e.g.*, *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981), *cert. denied*, 455 U.S. 942 (1982); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502-03 (D. Nev. 2013); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).  The Court also considers whether the pending motion is potentially dispositive of the entire case and whether that motion can be decided without additional discovery.  *Ministerio Roca Solida*, 288 F.R.D. at 506.  Carney's motion warrants a stay under each consideration.

Carney is confident that a "preliminary peek" at his Motion will convince the Court that Plaintiffs' action will not survive the Motion, and that a stay is warranted.  The Motion potentially disposes of the entire action.  Also, absolutely no discovery is needed to decide the Motion.  In addition to the law supporting such a stay, pressing discovery forward will result in prejudice to Carney.  For all these reasons, a stay pending adjudication of the Motion is justified.

**II.     RELEVANT FACTUAL BACKGROUND**

Defendant Scott Carney is wheelchair-bound and lives exclusively in Miami, Florida.  *See* Decl. of Scott Carney ¶ 1, ECF No. 23-1.  Carney has no meaningful connection to Las Vegas or Nevada.  *Id.* ¶ 8.  He does not own property in Nevada, does not have an office or an agent in Nevada, nor directs any actual business or advertising to Nevada.  *Id.* ¶¶ 3-5, 7.  Scott Carney does not have employees in any capacity who have ever traveled to Nevada for him.  *Id.* ¶¶ 2, 5, 7-8.  And none of the alleged conduct in the Amended Complaint took place in Nevada.

Despite Defendant Carney not having a connection to Nevada, Plaintiffs filed this lawsuit against him in the District of Nevada on February 18, 2018. Compl., ECF No. 2. After Carney moved to dismiss all claims, Plaintiffs filed an amended complaint dropping one of their claims, though leaving in their claims of Defamation Per Se, Trade Libel, Tortious Interference with Contractual Relations, and Tortious Interference with Prospective Economic Advantage. Am. Compl., ECF No. 19. On June 8, 2018, Carney filed the Motion to Dismiss. Mot. to Dismiss, ECF No. 23. After multiple efforts at contacting Plaintiffs' counsel to discuss Carney's requested stay (Decl. of Adam Wolek ¶ 6, Ex. A), Plaintiffs' counsel declined to stipulate to stay discovery, stating, "In most circumstances, we would agree to stipulate to stay the case pending the outcome of the motion to dismiss, but . . . we will not stipulate to stay this case." Ex. B at 1.

### III. ARGUMENT

#### A. The Law Supports a Stay of Discovery While a Dispositive Motion Is Pending.

The district court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602. In so ruling, the Court further recognized that "[d]iscovery is expensive." *Id.* Additionally, "the trial court 'inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery.'" *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (alteration in original) (citation omitted); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd* 87 F. App'x 713 (11th Cir. 2003); *Ass'n Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The Court weighs the expense of discovery against the underlying principle that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603.

This Court has embraced the approach and analysis set forth in *Tradebay*. *Money v. Banner Health*, No. 3:11–cv–00800–LRH–WGC, 2012 WL 1190858, at *6 (D. Nev. Apr. 9, 2012). Arriving at this determination "often requires a magistrate judge to take a 'preliminary peek' at the motion that is pending before the district judge." *Chartis Specialty Ins. v. Gemstone LVS, LLC*, No. 2:11–cv–1669–MMD–CWH, 2012 WL 3277086, at *2 (D. Nev. Aug. 8, 2012) (quoting *Tradebay*, 278 F.R.D. at 603). The Court also considers whether the pending motion is potentially dispositive of the entire case and whether that motion can be decided without additional discovery. *Ministerio Roca Solida*, 288 F.R.D. at 506. A cursory "peek" at Carney's Motion shows that Plaintiffs cannot maintain their action and that the entirety of the case will be dismissed. Justice strongly favors postponing discovery while the dispositive motion is pending, in light of the substantial legal challenges to Plaintiffs' Amended Complaint. Additionally, Carney's Motion is dispositive of the entire action and does not require any discovery to decide it. As such, this Court should stay discovery.

      **B.**     **The Arguments on the Merits in Carney's Motion to Dismiss Independently Justify a Stay of Discovery.**

As this Court is aware, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (citation omitted). To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* To avoid the needless expenditure of scarce judicial resources, the *Twombly* Court is clear that "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citations omitted). Plaintiffs' claims each fail to meet this standard, as detailed more thoroughly in Carney's Motion.

Dismissal as a matter of law is appropriate for at least the following reasons. First, the Court does not have personal jurisdiction over Carney, as he has neither had continuous and systematic contacts with Nevada, nor purposefully directed his activities to Nevada, required by the due process protections of the Constitution. *See Pfister v. Selling Source, LLC*, 931 F. Supp.

2d 1109, 1115 (D. Nev. 2013) ("Nevada's long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by federal due process."); Mot. to Dismiss §§ I.A., I.B.  Second, Plaintiffs' Amended Complaint was not filed in a district where venue is proper (*see* Mot. to Dismiss § II.), as Carney does not reside in Nevada (*see* 28 U.S.C. § 1391(b)(1); Decl. of Scott Carney ¶ 1), no "substantial part of the events or omissions giving rise to the claim[s] occurred" in this District" (28 U.S.C. § 1391(b)(2)), and the Court does not have personal jurisdiction over Carney.  *See* 28 U.S.C. § 1391(b)(3).  Third, Plaintiffs do not, and cannot, plead allegations that meet basic pleading standards.  *See* Mot. to Dismiss §§ IV.A., IV.B., IV.C., IV.D.  Because Plaintiffs are unable to provide a factual basis to sustain any claims, and initiated this action in a district where both personal jurisdiction over Carney and venue are improper, the Court should and likely will dismiss such claims as a matter of law.

Carney's Motion thoroughly explains why Plaintiffs' action should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6).  A "preliminary peek" will convince the Court that Plaintiffs' claims are destined to fail.  Accordingly, a stay of discovery pending the resolution of Carney's Motion is warranted.

### C. The Pending Motion is Potentially Dispositive of the Entire Case

In weighing the objectives of Fed. R. Civ. P. 1 to determine whether a stay is appropriate, the Court considers whether the pending motion is potentially dispositive of the entire case. *Ministerio Roca Solida*, 288 F.R.D. at 506.  Here, Carney's Motion will likely dispose of the entire case.  As detailed above, the Motion provides a strong justification for why each claim fails on its merits.  As such, the Motion potentially disposes of the entire action, and therefore satisfies this consideration in favor of a stay of discovery.

### D. The Pending Motion Can and Should Be Decided Without Additional Discovery.

The Court may consider whether the pending motion can be decided without additional discovery.  *Ministerio Roca Solida*, 288 F.R.D. at 506.  Carney's Motion not only can, but should be decided without additional discovery.  The Motion for failure to state a claim attacks the legal sufficiency of Plaintiff's claims and does not rely on facts that could be the subject of discovery.

This is evident from the brief summary of the failures of Plaintiffs' Amended Complaint, above. These are all legal reasons that do not have any factual, discoverable issue as a component. Because the Motion can and should be decided without discovery, this consideration favors a stay of discovery.

### IV.   CONCLUSION

Where a motion to dismiss is amply supported, meritorious, and disposes of the entire action, a stay of discovery is warranted to allow such a motion to be adjudicated without prejudice. On these facts, Plaintiffs' claims for relief will not survive Carney's Motion. Consequently, a stay is proper to avoid unnecessary expenditures of time and money.

As a result of all of the foregoing, Carney respectfully submits that this Court should enter a stay to avoid the needless, costly, time-consuming, and resource-draining discovery that will be rendered unnecessary upon the grant of Carney's Motion.

DATED June 12, 2018.

RESPECTFULLY SUBMITTED:

TAFT STETTINIUS & HOLLISTER LLP

*/s/ Adam Wolek*
ADAM WOLEK
*Admitted Pro Hac Vice*
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel.: (312) 836-4063 / Fax.: (312) 966-8598
awolek@taftlaw.com

DANIEL R. MCNUTT (SBN 7815)
MATTHEW C. WOLF (SBN 10801)
MCNUTT LAW FIRM, P.C.
625 South Eighth Street
Las Vegas, Nevada 89101
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com

*Attorneys for Defendant Scott Carney*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that pursuant to F.R.C.P. 5 on June 12, 2018, I caused service of the foregoing **DEFENDANT SCOTT CARNEY'S MOTION TO STAY DISCOVERY** by mailing a copy by United States Postal Service, postage prepaid, via email, or via electronic mail through the United States District Court's CM/ECF system to the following at their last known address or e-mail:

P. Sterling Kerr, Esq. (SBN 3978)
George E. Robinson, Esq. (SBN 9667)
LAW OFFICES OF P. STERLING KERR
3450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
sterling@sterlingkerrlaw.com
george@sterlingkerrlaw.com
Attorneys for Plaintiffs

           */s/ Adam Wolek*
           Adam Wolek