1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

INTERNATIONAL MARKETS LIVE, INC.,

Plaintiff,

v.

ROBERT HALTERMAN, et al.,

Defendants.

Case No. 2:18-cv-00187-JAD-GWF

**ORDER**

12    This matter is before the Court on Defendant Scott Carney's Motion to Stay Discovery

13  (ECF No. 24), filed on June 12, 2018.  To date, no party has filed an opposition to this motion and

14  the time for response has now expired.

15                    **BACKGROUND**

16    This matter arises from allegations of defamation per se, trade libel, tortious interference

17  with contractual relations, tortious interference with prospective economic advantage, and civil

18  conspiracy.  *See Complaint* (ECF No. 2).  Defendant Carney's motion to dismiss seeks dismissal

19  of Plaintiff's amended complaint for lack of personal jurisdiction, improper venue, and for failure

20  to state a claim.  *See* ECF No. 23.  Defendant requests that the Court stay discovery pending a

21  ruling on his motion to dismiss or, in the alternative, to transfer this action to the Southern District

22  of Florida.

23                    **DISCUSSION**

24    The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

25  discovery when a potentially dispositive motion is pending.  See *Skellerup Indus. Ltd. V. City of*

26  *L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995).  Ordinarily, a dispositive motion does not warrant

27  a stay of discovery.  *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653

28  (D. Nev. 1989).  *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554,

1

556 (D. Nev. 1997).  The moving party carries the heavy burden of making a strong showing of why discovery should be denied.  *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery.  See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action."  *Kor Media Group*, 294 F.R.D.  at 581.  The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief."  *Id.*

Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues.  *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.  "[A] pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved."  *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012).  A motion challenging personal jurisdiction, however, does not mandate a stay of discovery.  *Id.*  The Court's view of jurisdiction in this matter may differ from the assigned district judge and it is the assigned district judge who will make the ultimate determination on whether there is personal jurisdiction.  *Id*. at *4.

After conducting its "preliminary peek" of Defendant Carney's motion to dismiss, the Court finds that a stay of discovery is warranted.  The standard to grant a stay of discovery pending a motion to dismiss based on a lack of personal jurisdiction or improper venue is less rigorous than the standard to stay discovery pending a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Defendant Carney's motion to dismiss sets forth a lack of personal jurisdiction and improper venue that is sufficient to grant a stay of discovery in this matter.  In addition, Local Rule 7-2(d) provides that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  Plaintiff did not file points

and authorities in response to Defendant's instant motion to stay.  Therefore, Plaintiff is considered to have consented to the granting of Defendant's motion under LR 7-2(d).  Accordingly,

     **IT IS HEREBY ORDERED** that Defendant Scott Carney's Motion to Stay Discovery (ECF No. 24) is **granted**.

     Dated this 11th day of July, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE